IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEATRICE HUDSON, | ) |
| | ) 8:05cv331 |
| Plaintiff, | ) |
| | ) MEMORANDUM AND ORDER |
| vs. | ) |
| | ) |
| CITY OF OMAHA, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Beatrice Hudson. The plaintiff has sued the City of Omaha and the Omaha public library, alleging racial discrimination, after the plaintiff engaged in an altercation at the library on July 11, 2005, and a police officer issued a citation.

The court notes that the above-entitled case is the plaintiff's fourteenth federal civil rights lawsuit filed in the past year, each accompanied by a request to proceed IFP. At least eight of those cases have involved claims against the City of Omaha and its agencies such as the police department and the library. The plaintiff has prevailed on none of those cases, and many have been dismissed as frivolous. Many of the cases involved various hostile encounters between the plaintiff and other persons, after which the plaintiff received a ticket or other restraint.

In this case, the plaintiff's factual allegations do not state a federal civil rights claim on which relief may be granted. That a variety people with whom the plaintiff engages in disputes are white and the plaintiff is African-American does not give rise to a presumption of racial discrimination. In addition, conclusory allegations of racism, conspiracy,

1

discrimination and retaliation do not transform a state-court tort action, at most, into a federal constitutional claim.

By moving for leave to proceed IFP, the plaintiff subjects her complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff's motion for leave to proceed IFP must be denied because the plaintiff's allegations do not state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Therefore, by August 26, 2005, the plaintiff shall pay the $250 filing fee, and she shall file an amended complaint.  In the alternative, the plaintiff may file a tort action under state law in a state court. Often a case which cannot be brought in federal district court may nonetheless be filed in a state court.  That is because the federal district courts are courts of "limited jurisdiction," while the state courts are courts of "general jurisdiction."

THEREFORE, IT IS ORDERED:

1.  That filing no. 2, the plaintiff's Motion to Proceed IFP, is denied;

2.  That the plaintiff shall pay the court's $250 filing fee by August 26, 2005, and she shall file an amended complaint by that date; and

3.  That in the absence of the filing fee and a properly amended complaint by

August 26, 2005, this case may be subject, without further notice, to dismissal without prejudice.

    August 8, 2005.        BY THE COURT:

                              /s *Richard G. Kopf*
                              United States District Judge